

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GROVER SELLERS
~~VICE CHAIRMAN~~
ATTORNEY GENERAL

Affirmed by _W1L0-94X_

Honorable Fred L. Blundell
District Attorney
22nd Judicial District
Lockhart, Texas

Dear Sir:

Opinion No. 0-6251
Re: The use of pasters or stickers
on ballots in the general elec-
tion under the facts stated.

Your letter of September 27, 1944, requesting the
opinion of this department on the questions stated therein,
is in part, as follows:

"Our County Judge, M.O. Flowers, recently
died, after having been elected as the Democratic
Nominee for the next term. The Democratic Com-
mittee met, but failed to certify a name to be
placed on the ballot as the Democratic nominee;
so a write-in campaign will be conducted for the
office in the General Election on November 7th.

"The question has been brought up as to
whether or not it would be legal for a candidate
to distribute gummed strips of paper, with his
name printed thereon, to be pasted on the ballot
when the voter casts his ballot, instead of writ-
in the name of the candidate on the ballot."

Generally speaking as stated in Corpus Juris Secundum.
Vol. 29, P. 262;

"In some jurisdictions, statutes barring the
use of stickers or pasters on ballots have been
sustained; and, under some provisions, the placing
by a voter on a ballot of a paster or sticker with
the name of the candidate written or printed there-
on rendered invalid the ballot or the vote attempted
to be so cast; but under other statutes the elec-
tors may use printed pasters for the insertion of
names not on the ballot instead of writing them in
the space reserved for their reception, although in
some jurisdictions the use of pasters is authorized
only in case of removal, death, or resignation of

the candidate after printing of the ballots.

"   . . . . .

"Pasters substantially conforming to statutory
requirements are sufficient, but ballots containing
stickers on which the name of the candidate is var-
iously and substantially misspelled cannot be
credited to such candidate; and a sticker which
is so noticeably different in color from the bal-
lot that it can be seen through the paper cannot
be used.

"Stickers or pasters must be used in the
manner and in such places on the ballot as may be
prescribed by statute, but minor departures from
the terms of the statute, where there has been
substantial compliance and the intent of the voter
can be ascertained, do not invalidate the ballot.
. . . . . "

Article 2979, Vernon's Annotated Civil Statutes, pro-
vides:

"If a nominee dies or declines his nomination,
and the vacancy so created shall have been filled,
and such facts shall have been duly certified in
accordance with the provisions of this title, the
Secretary of State or county judge, as the case may
be, shall promptly notify the official board created
by this law to furnish election supplies that such
vacancy has occurred and the name of the new nominee
shall then be printed upon the official ballot, if
the ballots are not already printed. If such decli-
nation or death occurs after the ballots are printed,
or due notice of the name of the new nominee is
received after such printing, the official board
charged with the duty of furnishing election supplies
shall prepare as many pasters bearing the name of
 the new nominee as there are official ballots, which
shall be pasted over the name of the former nominee
on the official ballot before the presiding judge of
the precinct indorses his name on the ballot for
identification. No paster shall be used except as
herein authorized, and if otherwise used the names
pasted shall not be counted."

The foregoing statute is the only one we have been able
to find authorizing the use of pasters and such statute pre-
scribes the manner in which the pasters shall be used. It fur-

ther provides that no pasters shall be used except as authorized by said statute, and if otherwise used the names pasted shall not be counted.  Under the facts stated in your letter it is clear that the foregoing statute does not authorize the use of pasters under said facts and circumstances presented in your inquiry.  Therefore, it is our opinion that pasters delivered by a candidate with his name printed thereon cannot be legally pasted on the ballot where the voter casts his ballot, instead of writing the name of the candidate on the ballot.  Stated differently if the voter desires to vote for the candidate in question he may do so only by writing his name in on the ballot.

In connection with the foregoing statement we direct your attention to Articles 2978, 2981 and 3009, Vernon's Annotated Civil Statutes.

This department held in an opinion written July 2, 1936, Vol. 372, P. 518, Letter Opinions of the Attorney General's Office, that the candidate for constable who failed to make application within the time required by law to have his name placed on the ticket may nevertheless have his name written on the ballot by each individual voter, but it may not be stamped on the ballot with the rubber stamp.  This opinion, we believe, supports our answer to your question.

Summarizing, you are advised, that pasters must be used in the manner and in such places on the ballot as may be prescribed by the statutes and that our statutes do not authorize the use of pasters under the facts and circumstances under consideration.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

AW:fo:wc

By   s/Ardell Williams
     Ardell Williams
     Assistant

APPROVED OCT 10, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman